# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1781
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Barefield

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: December 11, 2023
Filed: February 14, 2024
[Unpublished]
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

A jury convicted Christopher Barefield for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 88 months' imprisonment followed by three years of supervised release. Barefield appeals, arguing that insufficient evidence supported his conviction. "We review

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

challenges to the sufficiency of the evidence de novo." *United States v. Spight*, 817 F.3d 1099, 1102 (8th Cir. 2016) (citation omitted).

At trial, the government presented photos, officer testimony, and dash camera video as evidence. Specifically, an investigator testified that he felt a firearm in Barefield's pocket while conducting a routine pat-down. As the investigator tried to control Barefield and hold onto the firearm through an outer layer of clothing, Barefield fled. A chase ensued. The investigator testified that during the chase, Barefield took the firearm out of his pocket and had it in his hand. Barefield jumped multiple fences and crossed an interstate exit ramp. The investigator followed and eventually was able to catch up to Barefield. By the time of Barefield's arrest, the investigator had injured himself, and Barefield no longer had the gun. The investigator shared the route of the chase with two colleagues who retraced the path and were able to find the gun on the ground in a ditch.

"When reviewing the sufficiency of the evidence, we view the facts in the light most favorable to the verdict, and affirm if any rational [jury] could have found the defendant guilty beyond a reasonable doubt." *Id.* (citation omitted). Moreover, "[c]redibility determinations are uniquely within the province of the trier of fact, and are entitled to special deference." *Id.* (alteration in original) (citation omitted). We conclude that the evidence viewed in the light most favorable to the verdict was sufficient for a reasonable jury to determine that Barefield was in possession of a firearm.

For the foregoing reasons, we affirm.

_____